## EVIDENCE OF CUSTOM WITH REFERENCE TO THE MANNER OF PERFORMING WORK.

Circuit Court of Lucas County.

PHILIP SCHWARTZ v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

Decided, March 5, 1907.

*Negligence—Brakeman Injured While Coupling Cars—Failure of Automatic Coupler to Work—Custom with Reference to Signals and Going Between Cars—Admissibility of Testimony Having Reference to Such Custom—Error in Directing Verdict for Defendant.*

The local yard custom among brakemen, upon discovering that a car coupler would not would not couple, as to giving the usual stop signal and stepping between the cars to adjust the coupler, is admissible to meet a charge of contributory negligence against a brakeman injured by stepping between a car and locomotive tender to adjust the coupling device. *L. S. & M. S. Ry.* v. *Botefuhr*, 10 C. C. —N. S., 281, reaffirmed.

*Marshall & Fraser*, for plaintiff in error.
*Doyle & Lewis*, contra.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

This is a proceeding to reverse the judgment of the court of common pleas rendered in an action brought by Schwartz, for personal injuries, caused as he claims by the negligence of the defendant company. Upon the trial in the court of common pleas, at the close of plaintiff's evidence, the court directed a verdict for the defendant, upon two grounds: That the evidence failed to show negligence on the part of the company, and that it disclosed contributory negligence on the part of the plaintiff. The case is one of a character not unfamiliar to courts. The plaintiff was a brakeman in the employ of the defendant company and received severe injuries while engaged in coupling cars upon a train. He was between the tender of the locomotive and a car, when in obedience to a signal from the conductor the locomotive was moved, without warning to

Schwartz, and his arm was crushed.    I will not attempt in more
detail a review of the evidence in the case, but will give my at-
tention to one or two points which are claimed in the petition
in error as ground for a new trial.

It is alleged as one ground of error that the court erred in
the rejection of evidence offered by the plaintiff.   On pages 56
and 57 of the bill of exceptions before us we find an offer of
evidence as to the custom of the railway company in switching
cars under circumstances like these in the case at bar.

The court, however, sustained the objection to the ques-
tion, and an exception was taken by counsel for the plaint-
iff, who at the same time offered to prove by the answer
of the witness that "according to the universal custom of the de-
fendant in that railroad yard, the brakeman, after seeing that the
coupler would not couple"—it being a mechanical coupling be-
tween the tender and the car, which it appeared by the evidence
would not work—"would give the engineer the usual stop signal
with his hand, and step in between to adjust the knuckle."
Then counsel informed the court: "and this will be followed up
by questions, which, if permitted to be answered, will draw out
the statement from the witness, that according to the custom
he would not go to the engineer and tell him what he was going
to do or what his signal meant, and he would not before stepping
in between the cars wait until he had told the conductor what
he was going to do in there; and further that in compliance with
the custom the brakeman would not, after the engine stopped,
after it was standing still, after he had given the stand signal,
he would not before stepping in between look and see whether
the engineer was watching."   Whereupon the court said:
"The objection to the introduction to that testimony will be
sustained"; and the defendant excepted.

In the conversation preliminary to this offer, between counsel
and the court, the judge in saying that the objection would be
sustained added:   "I do not understand it to be competent to
show what was the proper thing to do by showing what they
usually do."   The questions by which this evidence was sought

to be elicited from the witness were not very artistically framed, and possibly the court may have been justified in requiring some clearer statement of the interrogatories to the witness; but we gather from the language of the court that it was intended to exclude evidence of that character upon the ground suggested by the court—that it was not competent to show what ought to have been done, or what it was proper to do by what was usually done. We think, however, that if the court intended to exclude all evidence as to a local custom which had obtained in the operation of defendant's trains in the yard, that the court was in error.

It is hardly worth while to cite many authorities, in view of the fact that this question has come before the court on other occasions, and the holding, so far as I know, has been uniformly made that a custom of this character may be shown for its hearing upon the conduct of the parties. A custom of brakemen of going between cars to uncouple and remaining there in supposed security against any danger from moving of the train, would naturally have some effect upon the conduct of the brakeman. His knowledge that the conductor would not be likely, by reason of the custom, to signal for the moving of the train while he was in such a place of danger, bears legitimately on an inquiry whether he exercised ordinary care. The custom would naturally have an effect upon the conduct of the conductor also, because he might assume that the brakeman, having knowledge of such a universal practice, would follow it.

The cases of *Carl* v. *R. R. Co.*, 10 Circuit Court Reports, 711; *Pennsylvania Company* v. *Mahony, Admr.*, 12 Circuit Court, 366; *Memphis, etc.*, v. *Britton*, 1 C. C.—N. S., 33, are all cases which perhaps should be referred to in this connection in support of the position which has just been taken and expressed. The case of *Toledo Railway & Light Co.* v. *Ward*, 2 C. C.—N. S., 256, is another case wherein it is held, as disclosed by the syllabus:

"Evidence of a custom of slackening the speed of electric cars in approaching a particular street crossing is admissible in a trial involving a collision at that crossing, as bearing upon the question of contributory negligence on the part of the one injured."

The case at bar is very similar in some of its aspects to the case of *Pennsylvania Co.* v. *Mahony, supra*; the case of *Andrews* v. *R. R. Co.*, 8 Circuit Court, 584, decided by this court and also the case of *Lake Erie & Western R. R. Co.* v. *Mulcahy*, 16 Circuit Court, 204, decided by the circuit court of the third circuit. Another case almost precisely in point and remarkably like the present one in most of its details, was decided by this court at the last term, Judges Haynes, Parker and Taggart sitting, I being engaged at the time in the Cuyahoga Circuit. The case to which I refer is that of *Lake Shore & M. S. Railway Co.* v. *Botefuhr, Admr.* [10 C. C.—N. S., 281; affirmed by the Supreme Court without report, April 14, 1908.] In this case, as in the others, the principle was announced that evidence as to a custom in a yard was proper to be received. The language in the syllabus of the case is as follows:

"Evidence that it was the custom of a railway conductor to give warning to the trainmen assisting him in the making up of a train in the yards, is admissible upon the question whether, knowing the custom, the conductor exercised ordinary care, and also upon the question of whether the deceased, being aware of the custom and of the habit of the conductor, was guilty of contributory negligence."

In the case at bar Schwartz had been in the employ of the railway company for many years, and it may be said, as in the Ward case, *supra,* that it was a question for the jury whether or not he had such knowledge of a common practice and to what extent his conduct was influenced by it.

Whether we should reverse the judgment because of the rejection of this evidence, it is perhaps unnecessary for us to say. The framing of the question was such that possibly the court may have been justified in refusing to permit it to be answered without some reformation of it so as to make it more clearly express to the witness the meaning of counsel. But I have said this much with regard to this evidence, in view of the claim made that the court erred, and by reason of the fact that we have concluded that the judgment should be reversed on another ground, and we desire to indicate to the trial court what should be the

rule on another trial as to the admission or rejection of evidence of this character.

I will not stop to read further from any of the cases cited. They may be read with profit and interest in connection with the case at bar. We think that even without the evidence which the plaintiff sought to introduce, the court should have permitted the case to go to the jury; that there was at least a scintilla of evidence tending to sustain the claims of plaintiff's petition, and for the error of the court in arresting the case from the jury and directing a verdict for the defendant, the judgment based upon the verdict is set aside and the cause will be remanded for a new trial at the costs of the defendant in error.